```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ELLEN SCOTT AND RANDALL         :
SCOTT,                          :
   Plaintiffs,                  :
                                :
VS.                             :    Civil No. 3:05CV1265 (AVC)
                                :
LANTERN PARK CONDOMINIUM        :
ASSOCIATION AND                 :
IMAGINEERS, LLC,                :
   Defendants.                  :
```

### RULING ON THE DEFENDANTS' MOTION TO DISMISS

This is an action for damages and injunctive relief alleging violations of Section 207 of the Federal Telecommunications Act of 1996, Pub.L. No. 104-104, 110 Stat. 114 ("§ 207"), codified at 47 U.S.C. § 303. The defendants have filed the within motion to dismiss arguing that the court is without subject matter jurisdiction to hear this case because in their view, § 207 does not confer a private right of action.

The issues presented are: 1) whether § 207 of the Telecommunications Act of 1996 authorizes a private right of action for a condominium owner to sue his condominium association for a declaration allowing him to place a television satellite dish in condominium complex common areas notwithstanding rules to the contrary; and 2) whether federal regulation 47 C.F.R. § 1.4000 (2005) similarly authorizes a private right of action.

For the reasons hereafter set forth, the court concludes that § 207 of the Federal Telecommunications Act of 1996 and 47 C.F.R. § 1.4000 (2005) do not authorize a private right of

action.

Accordingly, the motion to dismiss is GRANTED.

## FACTS

Examination of the amended complaint sets forth the following facts.  The Lantern Park Condominium Complex ("the Complex") is a large condominium complex located in Naugatuck, Connecticut.  The plaintiff, Ellen Scott, is the record owner of one condominium, specifically Unit C-3, located in the Complex.  Ellen Scott does not reside within the unit; rather, Ellen's son, the plaintiff, Randall Scott, resides in Unit C-3.

The defendant, Lantern Park Condominium Association ("LPCA"), is a condominium association whose primary function is the operation of the Complex.  The defendant, Imagineers, LLC ("Imagineers"), has contracted with LPCA to perform the day to day management of the Complex.

During the Fall of 2001, Randall Scott installed a Direct T.V. Satellite Dish upon the exterior of Unit C-3 for the purpose of receiving satellite television services.  Shortly thereafter, Imagineers notified Randall Scott that the satellite dish had to be relocated to one of two acceptable locations in Unit C-3.  Randall Scott thereafter relocated the satellite dish to one of the approved locations.

In January of 2002, LPCA and Imagineers notified the Scotts that the recently relocated satellite dish had been installed in

violation of LPCA's rules and regulations.  Later that month, LPCA initiated a foreclosure action in the superior court against Ellen Scott alleging unpaid condominium assessments, late charges, interest, and fees.

On January 29, 2002, LPCA, through counsel, notified Ellen Scott that if she brought her account up to date, the foreclosure action would be withdrawn.  Ellen Scott made a lump-sum payment of $2,472.73, and brought her account current through the end of February 2002.  LPCA, however, did not withdraw the foreclosure action.

In March of 2002, LPCA assessed a $100 fine on Ellen Scott for having an illegal satellite dish and an additional $700 fine on Ellen for failing to remove the allegedly improperly installed satellite dish.

On April 5, 2002, LPCA, through counsel, informed Ellen Scott that the foreclosure action would not be withdrawn unless Ellen Scott paid the $100 satellite dish fine and her March and April common condominium charges.

In January of 2003, Ellen Scott asserted a special defense in the foreclosure action alleging that LPCA's rules and regulations violated the Federal Telecommunications Act of 1996.  Subsequently, the defendants withdrew all claims against Ellen Scott relating to delinquent satellite dish fines.  Ellen Scott then withdrew her special defense.

In December of 2004 and in January of 2005 the defendants assessed additional fines on Ellen Scott.

The amended complaint alleges that LPCA and Imagineers have "individually and in concert . . . violated the [p]laintiffs' rights to install and receive transmission signals from [the] [p]laintiffs' Direct T.V. Satellite Dish at their condominium dwelling unit in violation of the Federal Telecommunications Act of 1996 . . .."  Furthermore, the amended complaint alleges that the defendants' levy of additional fines against Ellen Scott in December of 2004 and in January of 2005, was "in retaliation for [p]laintiffs seeking protection under the Federal Telecommunications Act of 1996."  The amended complaint further avers that the plaintiffs suffered damages because of the alleged violations of Federal Telecommunications Act.

### **STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted if a plaintiff has failed to establish subject matter jurisdiction. Golden Hill Paugussett Tribe of Indians v. Weicker, 839 F. Supp. 130, 136 (D. Conn. 1993). In analyzing a motion to dismiss under Rule 12(b)(1), the court must accept all well pleaded factual allegations as true and must draw reasonable inferences in favor of the plaintiff. Capital Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).  Where a defendant challenges the district court's subject

matter jurisdiction, the court may resolve disputed factual issues by reference to evidence outside the pleadings, such as affidavits.  Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991).

## DISCUSSION

1.  Section 207 of the Federal Telecommunications Act

The defendants argue that the court lacks subject matter jurisdiction to hear this case. Specifically, the defendants argue that: "there is no federal question jurisdiction because the Federal Telecommunications Act of 1996 does not afford the [p]laintiffs a private cause of action."

The plaintiffs respond that the court does not lack subject matter jurisdiction.  Specifically, the plaintiffs argue that § 207 of the Federal Telecommunications Act of 1996 creates "an implied private cause of action" so that the plaintiffs "may enforce their rights under [§ 207] by the present action."

In "determining whether a private right of action should be implied from a federal statute . . ." courts look to four factors, i.e., the so-called "Cort factors."  Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted–that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?  Third, is it consistent with the underlying purposes of the

5

>            legislative scheme to imply such a remedy for
>            the plaintiff?  And <u>finally</u>, is the cause of
>            action one traditionally relegated to state
>            law, in an area basically the concern of the
>            States, so that it would be inappropriate to
>            infer a cause of action based solely on
>            federal law?

<u>Cort v. Ash</u>, 422 U.S. 66, 78 (1975)(internal citations and quotations omitted)(emphasis added).

In <u>Opera Plaza Residential Parcel v. Hoang</u>, 376 F.3d 831 (9th Cir. 2004), the Ninth Circuit applied the <u>Cort</u> factors in a case where a homeowner association sought a judicial declaration that the association's rules and regulations prohibiting condominium owners from installing certain satellite dishes were valid under § 207.  The court found that § 207 does not contain an implied federal right of action because the first two <u>Cort</u> factors were not satisfied.  Specifically, the Ninth Circuit observed that the first <u>Cort</u> factor was not present because the language of § 207 "does not speak to whether a federal cause of action is created." <u>Opera Plaza</u>, 376 F.3d at 835.  The Ninth Circuit also determined that the second <u>Cort</u> factor was not satisfied because, in the court's analysis, the language of § 207 does not appear to contemplate that parties will sue under the statute, and because the legislative history and statutory context do not support the conclusion that an implied private right of action exists. <u>Opera Plaza</u>, 376 F.3d at 836-37.  "That the first two [<u>Cort</u>] factors weigh against finding a private

right of action is dispositive" of the inquiry.  <u>Opera Plaza Residential Parcel v. Hoang</u>, 376 F.3d 831, 837 (9th Cir. 2004).

Applying these principles, no private right of action exists here.  The present case is virtually identical to <u>Opera Plaza</u>.  Because the plaintiffs have not furnished the court with any reason or authority demonstrating why this court's analysis of § 207 should be different from the Ninth Circuit's analysis, the court concludes that § 207 does not create an implied federal private right of action.

2.   <u>47 C.F.R. § 1.4000 (2005)</u>

The plaintiffs further argue that 47 C.F.R. § 1.4000 (2005) ("§ 1.4000") creates a private right of action.  Specifically, the plaintiffs argue that pursuant to § 1.4000, "a party may petition 'a court of competent jurisdiction'. . . to determine whether or not a restriction on viewer's rights are prohibited."

Pursuant to the Federal Telecommunication Act's directive, the FCC promulgated § 1.4000 which states, in pertinent part, that:

> [p]arties may petition the [FCC] for a declaratory ruling . . ., <u>or a court of competent jurisdiction</u>, to determine whether a particular restriction is permissible or prohibited under this section.

47 C.F.R. § 1.4000 (2005)(emphasis added).

The issue of whether § 1.4000 creates a federal private right of action was also addressed by the Ninth Circuit in <u>Opera

Plaza.  There, the court concluded that:

> a regulation promulgated by an administrative agency such as the FCC cannot by itself, in the absence of congressional authorization, confer subject matter jurisdiction on federal courts. Thus, while the language of § 1.4000 may evidence an intent by the agency to allow suits to proceed in 'a court of competent jurisdiction,' this is insufficient to create subject matter jurisdiction in the federal courts.

Opera Plaza Residential Parcel v. Hoang, 376 F.3d 831, 835 (9th Cir. 2004)(internal citations omitted).

In the absence of congressional authorization, § 1.4000 cannot by itself confer federal subject matter jurisdiction. Therefore, § 1.4000 does not create a federal private right of action.

The court has examined the plaintiffs' alternative arguments and finds them to be without merit.

**CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss (document no. 11) is GRANTED.[1]

---

[1] The defendants' have also moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the plaintiffs' complaint on the ground that it fails to state a claim upon which relief may be granted. The defendants' argue that the court should dismiss the action because the Telecommunications Act does not provide for a private right of action and because the plaintiffs' claim for wrongful retaliation is not supported by common law nor statutory law. Because the court has granted the defendants' motion to dismiss pursuant to 12(b)(1), the court does not reach the merits of these arguments.

It is so ordered, this 9th day of March, 2006 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge